COMMONWEALTH *v.* HENRY KNOERR.

[Abstract Kentucky Law Reporter, Vol. 3—624.]

**Criminal Law—Charge of Selling Liquor.**

Where an offense, consisting of an unlawful sale of liquor, is charged with reasonable certainty as to the time and place of sale and the person to whom it is sold, the charge is good. It is no objection that the particular kind of liquor sold is not specified, for if either kind or a mixture of either was sold, the offense was committed.

APPEAL FROM FULTON CIRCUIT COURT.

February 25, 1882.

OPINION BY JUDGE LEWIS:

It appears that within the time prescribed appellee obtained a copy of the warrant, and of the judgment and statement of costs, filed them in the clerk's office of the circuit court, executed the bond required with approved security, and also executed the covenant required in order to suspend the enforcement of the judgment rendered by the judge of the city court of Hickman. It was not erroneous, therefore, for the circuit court to permit the city judge, soon after the expiration of 60 days from the rendition of the judgment, to attest, as true copies, the transcripts from this court.

But we perceive no such defect in the warrant issued by the city judge as required it to be dismissed.    The offense is charged with reasonable distinctness and certainty as to the time and place when the liquor was sold, and also as to the person to whom it was sold.    It is no objection that the particular kind of liquor sold is not specified, for if either kind, or a mixture of either, was sold, the offense was committed.

The court, therefore, erred in dismissing the warrant, and the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. H. Wilson, P. W. Hardin, for appellant.*
*S. H. Crossland, for appellee.*